UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CARMELA RIVERO | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-CV-909-SDJ |
| | § | |
| FIDELITY INVESTMENTS, INC. | § | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Carmela Rivero seeks a declaratory judgment that an Internal Revenue Service ("IRS") transfer certificate, Form 5173, is not necessary to re-register a brokerage account with Fidelity Brokerage Services, LLC ("Fidelity").[1] Rivero formerly owned the brokerage account (the "Account") with Jorge Diaz-Gonzalez Medrano, who is now deceased, as joint tenants with right of survivorship. Although there is no dispute that Rivero is now the absolute owner of the Account, the parties dispute whether an IRS transfer certificate is required before Rivero may re-register the account as an individual account.[2] The parties have filed cross-motions for summary judgment on the issue. (Dkt. #21) (Fidelity's summary-judgment motion); (Dkt. #22) (Rivero's summary-judgment motion).

---

[1] This lawsuit was filed against Fidelity Investments, Inc. The proper name of the defendant is Fidelity Brokerage Services, LLC.

[2] Rivero requests a declaration regarding ownership of the Account in her complaint. (Dkt. #1). Fidelity, however, has stipulated to Rivero's ownership of the Account. *See* (Dkt. #23 at 4) ("Fidelity does not dispute that Ms. Rivero is the absolute owner of the property in the Account at this time."). Accordingly, the only issue before the Court is whether an IRS transfer certificate is required before Rivero may access and re-register the Account as an individual account without liability to Fidelity.

1

The Court, having considered the record and the applicable law, finds that it is without jurisdiction to issue the declaration requested by Rivero. Accordingly, the Court, on its own motion, **DISMISSES** this case for lack of subject-matter jurisdiction.

## I. BACKGROUND

Rivero opened an individual brokerage account with Fidelity in 2010, funded with PepsiCo stock that she earned by providing services for the company. Later that same year, Rivero converted the Account from an individual account to a joint tenancy with right of survivorship, naming Medrano as joint tenant to ensure that the Account and its contents would go to Medrano if Rivero predeceased him. She did not. Medrano, a Mexican citizen and resident, died in October 2016.

Following Medrano's death, Rivero attempted to re-register the Account in her name alone, but Fidelity restricted the Account and prevented her from re-registering it as an individual account, citing the need for a transfer certificate under Treasury Regulation § 20.6325-1. The impasse regarding the necessity of the transfer certificate to access or re-register the Account led Rivero to file this declaratory-judgment suit seeking a declaration that a transfer certificate "is not necessary to transfer ownership" of the Account. (Dkt. #1).

## II. LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*,

511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). Because a federal court's authority to adjudicate a matter is predicated on subject-matter jurisdiction, it has an independent duty to examine its own jurisdiction. *See Ruhgras AG v. Marathon Oil*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1990) (citations omitted) (noting that "requirement[s] of subject-matter jurisdiction . . . delimit[] federal court power" and "must be policed by the courts on their own initiative"); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (noting that "federal courts may raise their subject matter jurisdiction sua sponte"). If it finds that jurisdiction is lacking, a court must dismiss the action. *Texas v. Travis Cty.*, 910 F.3d 809, 811 (5th Cir. 2018).

### III. DISCUSSION

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201 (emphasis added); *see also Warren v. United States*, 874 F.2d 280, 282 (5th Cir. 1989). Similarly, the Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." 26 U.S.C. § 7421(a). "The Declaratory Judgment Act, like the Anti-Injunction Act, is an expression of 'the congressional antipathy for premature interference with the assessment or collection of any federal tax'" and "'is at least as broad as the Anti-Injunction Act.'" *Alturas Indian Rancheria v. Cal. Gambling Control Comm'n*, No. CIV. S–11–2070 LKK/EFB, 2011 WL 6130912, at * 4 (E.D. Cal.

Dec. 8, 2011) (quoting *Bob Jones Univ. v. Simon*, 416 U.S. 725, 732, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974)).

Thus, with few exceptions that are not relevant here, a federal court lacks jurisdiction over any declaratory-judgment action in which it is called upon to construe an internal revenue code provision, treasury regulation, or revenue ruling that relates to the assessment or collection of taxes. *See McCarthy v. Marshall*, 723 F.2d 1034, 1038 (1st Cir. 1983) (regulation promulgated by the Secretary of Labor and viewed as a treasury regulation); *Ray v. El Paso Cmty. Found.*, No. EP–09–CV–00249–KC, 2009 WL 2413488, at*2 (W.D. Tex. Aug. 4, 2009) (internal revenue code); *Burke v. Blumenthal*, 504 F. Supp. 35, 37 (N.D. Tex. 1980) (revenue ruling).

Rivero asks the Court to issue a declaration that a transfer certificate is "not necessary to transfer ownership" of the Account that she formerly shared as joint tenants with right of survivorship with Medrano. (Dkt. #1). However, upon consideration of the entire record on this issue, including Rivero's complaint and summary-judgment motion, the substance of the declaration she requests is that a transfer certificate is not necessary to remove the restriction and re-register the Account as an individual account without liability to Fidelity. Because such a declaration would necessarily involve a determination "with respect to Federal taxes," the Court lacks authority to consider Rivero's claim.

When a non-resident, non-United States citizen, such as Medrano, dies with property located in the United States, that property may be subject to the estate tax

based on the value of the individual's gross estate located within the United States. 26 U.S.C. § 2101. If, upon consideration of the property held in the United States and subject to various adjustments and exclusions under the tax code, the individual's gross estate is greater than $60,000, the executor or other responsible person must file an estate tax return. *Id.* § 6018(a)(2). If it is less, an estate tax return is not required because no tax is owed up to the first $60,000 of property included in the gross estate. *See id.*; *see also id.* § 2102(b)(1).

When a decedent's United States-based gross estate owes a tax, that tax will be a lien on the gross estate until it is paid. *Id.* § 6324(a)(1). To ensure recovery, anyone transferring property included in the gross estate that is not administered by an executor acting within the United States may be subject to liability unless a transfer certificate is demanded and received. Treas. Reg. §§ 20.6325-1(a), (c). The transfer certificate serves as assurance to a person or entity transferring the property of a non-resident, non-United States citizen that it will not be liable for estate taxes due to the transfer. *See id.* § 20.6325-1(a) ("A transfer certificate is a certificate permitting transfer of property of a nonresident decedent without liability."). It only issues once the IRS is satisfied that the estate tax owed on the decedent's gross estate in the United States, if any, is paid. *Id.* § 20.6325-1(c).

However, a transfer certificate is not strictly required in all circumstances. *Id.* § 20.6325-1(b). Predictably, the treasury regulations that relate to the necessity of a transfer certificate track the same value distinctions for the gross estate that govern whether an estate tax return is required. *See id.* § 20.6325-1(b)(1). The treasury

regulations similarly require a transfer certificate to avoid liability only when an individual's gross estate is large enough to possibly owe estate tax—over $60,000. *Id.* Although section 20.6325-1(b)(3) also protects against liability when a person or entity transfers property without a transfer certificate based on credible information that a decedent's gross estate does not exceed $60,000, that provision only protects against liability if the estate is eventually determined to owe tax; it does not mandate transfer without a transfer certificate in the first instance.

Determining whether a transfer certificate is necessary to avoid liability, therefore, necessarily requires a determination of the value of a decedent's gross estate. This is precisely the determination the Court must make regarding Medrano's gross estate to issue the declaration that Rivero seeks. Such a declaration, requiring the Court to construe various tax code provisions and treasury regulations to value Medrano's gross estate, involves a determination "with respect to Federal taxes" that is precluded by the plain language of the Declaratory Judgment Act. *See, e.g.*, *Ray*, 2009 WL 2413488, at *2 (finding that whether certain payments "did not 'confer an excess benefit upon a disqualified person'" under the tax code was "with respect to Federal tax" (citation omitted)).[3]

---

[3] Likewise, a declaration that Medrano's gross estate is less than $60,000 and that a transfer certificate is not required to avoid liability, as requested by Rivero, would effectively constitute a determination by this Court that Medrano's estate owes no estate tax. The Court has no such authority under the Declaratory Judgment Act. *See duPont v. S. Nat'l Bank of Hous.*, 575 F. Supp. 849, 861 n.5 (S.D. Tex. 1983), *aff'd in part and vacated in part*, 771 F.2d 874 (5th Cir. 1985) ("Federal courts have unanimously interpreted the [Declaratory Judgment] Act to mean what it says and have held that because of the specific prohibition of § 2201 the court has no power to grant declaratory relief based on a determination of whether taxes are due." (citation omitted)).

6

## IV. Conclusion

For the reasons stated above, the Court finds that it is without subject-matter jurisdiction and **DISMISSES** this case for lack of jurisdiction. The parties' cross-motions for summary judgment, (Dkt. #21, #22), are **DENIED as moot**. All relief not previously granted is also **DENIED as moot**.

The Clerk is directed to close this civil action.

**So ORDERED and SIGNED this 19th day of May, 2020.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE